# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| SYLVESTER JARRELLS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:17-CV-75-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Acting Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for Supplemental Security Income finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Sylvester Jarrells filed an application for Supplemental Security Income on October 29, 2013, alleging that he became disabled to work on November 1, 2010. Plaintiff filed that application only two months after a previous application of his was denied by an ALJ on August 28, 2013, following an evidentiary hearing. Tr. 24. Under 20 C.F.R. §§ 404.957(c)(1) and 416.1457(c)(1), consideration of subsequent claims of disability are limited to the period after a prior adjudication. Therefore, the earliest date on which Plaintiff could again claim disability to work is August 29, 2013.

Plaintiff's new claim was denied initially on December 6, 2013, and after reconsideration on February 28, 2014. Tr. 24. On March 21, 2014, Plaintiff requested an evidentiary hearing before an ALJ in writing. *Id*. The resulting hearing began on October 23, 2015, but was continued in order to obtain an orthopedic consultative examination which was done on December 2, 2015. *Id*. The hearing resumed on March 18, 2016. *Id*. Plaintiff appeared with an attorney and testified both times, as did impartial vocational experts ("VEs"). *Id*. The ALJ issued an unfavorable decision on April 7, 2016. Tr. 21-39. Plaintiff next sought review by the Appeals Council on April 18, 2016, but was denied on March 1, 2017. Tr. 19-20, 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his application for benefits.

## STATEMENT OF FACTS AND EVIDENCE

On the date he filed his application Plaintiff was forty-two years old and classified as a "younger individual." Tr. 32; *see* 20 C.F.R. § 416.963; *see also* 20 C.F.R. Part 404,

Subpart P, Appendix 2. He has a high school education and past relevant work as a grass cutter and material handler. Tr. 32. In conducting the required five-step sequential analysis of Plaintiff's claim, the ALJ found at step two that Plaintiff has the severe impairments of post displaced fibula fracture and lumbar degenerative disc disease. Finding 2, Tr. 27; 20 C.F.R. § 416.920(c). At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither met nor medically equaled a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 27. Between steps three and four he formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to engage in sedentary work with added exertional limitations. Finding 4, Tr. 27-32. At step four, the ALJ found that this restricted RFC prevents Plaintiff from resuming his past relevant work. Finding 5, Tr. 32. At step five, the ALJ developed testimony from the VE that Plaintiff retained the ability to work as a call out operator, charge account clerk, or dispatcher and that these jobs were available to him in significant numbers in the national economy. Finding 9, Tr. 33. The ALJ therefore found him to be not disabled to work. Finding 10, Tr. 34.

## DISCUSSION

### I. The ALJ's assessment of a treating physician's opinion

Plaintiff contends the ALJ erred by according inadequate weight to the opinions of a treating physician, John Bieltz, D.O. Pl.'s Br. 10. Plaintiff alleged that he is unable to work as a result of back pain and a slipped disc. Tr. 28. Dr. Bieltz treated him for these maladies. Tr. 30. The ALJ first noted that over two years elapsed between when Dr. Bieltz saw Plaintiff in August 2011 and his next visit in October 2013. *Id*. The ALJ reviewed

Dr. Bieltz's records of treatment including a statement the doctor provided on October 13, 2013, a RFC questionnaire dated December 24, 2013, and a statement of August 13, 2014.. Tr. 30-31. Dr. Bieltz said that Plaintiff could not work an eight-hour day for five days a week and would likely be absent from work more than four times a month. Tr. 30. The ALJ gave these statements only "limited weight." *Id*. He found them unsupported by the medical evidence of record and Dr. Bieltz's clinical notes. *Id*. The ALJ also pointed out that Dr. Bieltz treated Plaintiff after a motor vehicle accident on December 26, 2014, and performed a surgical procedure to repair a displaced fibular fracture. Tr. 31. Afterwards, Dr. Bieltz recommended daily walking and increased physical activity. Tr. 31, Ex. C10F/3. The ALJ considered Dr. Bieltz's directive contradictory to the doctor's earlier conclusions which limited Plaintiff's work-related tolerances. Tr. 30-31.

The ALJ found that a consultative examination on December 2, 2015 by Andre Haynes, M.D. stated more realistic and credible limitations than those stated by Dr. Bieltz. *Compare* Tr. 32 (noting that Dr. Haynes' assessment of Plaintiff's functional limitations were "largely consistent" with the medical evidence of record), *with* Tr. 30-31 (explaining why Dr. Bieltz's analysis received "limited weight"). Dr. Haynes said Plaintiff retained the functional capacity to sit, stand, or walk for thirty minutes at a time and could sit a total of six hours and stand or walk for two hours in an eight-hour day. Tr. 31. Dr. Haynes also stated Plaintiff would need an assistive device for walking more than fifty feet and the ALJ included the use of an assistive device to ambulate to and from workstations. Tr. 31-32; Finding 4, Tr. 27.

6

It is the function of the Commissioner to weigh the evidence and resolve conflicts in the evidence, not the courts. Courts are prohibited from deciding facts anew, making credibility findings, or re-weighing evidence. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005). When the ALJ discusses the statements at issue, assigns specific weight, and explains his reasons for doing so, the decision must be affirmed if it is supported by substantial evidence, even if the evidence as a whole might preponderate against the factual findings. *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Fries v. Comm'r of Soc. Sec.,* 196 F. App'x 827, 833 (11th Cir. 2006). Here, the ALJ did not err in his consideration of the medical evidence provided by Dr. Bieltz and Plaintiff's first contention of error has no merit.

## II. The ALJ's omission of alleged limitations

In his second assertion of error Plaintiff contends that the ALJ posed incomplete hypotheticals questions to the VE. Pl.'s Br. 2, 18-19. Specifically, he states that the opinions of Dr. Bieltz require that he have a sit/stand option at will and that he be permitted to elevate his leg to heart level for twenty percent of the work day. Plaintiff argues "the ALJ committed harmful error by failing to include one or both of these limitations into his RFC." *Id.* at 19. However, nowhere in the record of his treatment of Plaintiff does Dr. Bieltz impose these specific limitations. The ALJ gave only limited weight to the limitations Dr. Bieltz did express and, crucially, formulated an RFC which permits Plaintiff to use his cane or other assistive device to ambulate to and from the work station. He also limited Plaintiff to sedentary work with only occasional balancing, stooping, or kneeling and occasional climbing of ramps and stairs with no climbing of ladders or scaffolds.

7

Finding 4, Tr. 27. The ALJ is not required to include every restriction listed by a medical source to whom he gives limited weight. His finding that Plaintiff is limited to sedentary work with no more than occasional postural or exertional effort and the allowed use of a cane adequately accounts for the restrictions he accepted as consistent with objective medical evidence. *Stone v. Comm'r of Soc. Sec.,* 544 Fed. App'x 839 (11th Cir. 2013); *see* 20 C.F.R. § 416.929; *see also* SSR 96-4p, 1996 WL 374187 (July 2, 1996). Therefore, Plaintiff's second claim of error also lacks merit.

### III. Credibility determination

Finally, Plaintiff's asserts that the ALJ's credibility determination is not supported by substantial evidence. Pl.'s Br. 2, 19-21. He relies on the medical evidence provided by Dr. Bieltz to support this contention. However, the ALJ had good cause to give Dr. Bieltz's findings only limited weight. He gave an adequate explanation for his credibility determination and clearly considered the whole record in concluding that Plaintiff retains the residual functional capacity to engage in a restricted range of sedentary work. Plaintiff references medical evidence from as early as 2011, but Plaintiff was found to be not disabled in a previous ALJ's decision rendered August 28, 2013. That decision is final and binding through that date. Thus, the relevant time period in this application is August 29, 2013, through April 7, 2016—the date the ALJ issued his written decision on this application for benefits. Plaintiff has not proven that he is disabled to work and his third assertion of error is meritless.

## CONCLUSION

The Court finds that none of Plaintiff's assertions of error are meritorious. Accordingly, the Commissioner's decision is affirmed.

SO ORDERED, this 3rd day of May, 2018.

<u>/s/ Stephen Hyles</u>
UNITED STATES MAGISTRATE JUDGE